Lum et al. *v.* Springer.

W. & S. LUM *vs.* BENJAMIN SPRINGER, Judge of the Probate Court of Warren County, use of D. F. COWAN, Guardian, &c.

In declaring upon a specialty, it is not necessary, as a general rule, to set out any inducement or statement of the consideration upon which the contract was founded.

The declaration in this case sufficiently shows for whose use the suit was brought.

IN error from the circuit court of Warren county; Hon. George Coalter, judge.

The opinion of the court contains the facts of the case.

*Guion & Baine,* for appellants.

*W. A. Lake,* for appellee.

Mr. Justice YERGER delivered the opinion of the court.

This action is founded upon a guardian's bond, alleged to

Lum et al. *v.* Springer.

have been made by A. P. Burton as principal, and the defendants as his sureties, conditioned for the faithful performance by Burton of his duties as guardian of Edwin Folkes, infant heir of William Folkes, deceased.

The suit is brought in the name of the judge of probate, "at the relation of Daniel Cowan, next friend and guardian of Edwin Folkes, a minor." A demurrer was filed to the declaration, and the several causes assigned may be reduced substantially to two. First. That the declaration did not aver, that Burton was duly appointed by the orphans' court guardian of Edwin Folkes. Second. That it does not appear by the declaration, for whose use the suit was brought.

In reference to the first point, it may be remarked, that, as a general rule, it is not necessary in declaring upon specialties, to set out any inducement or statement of the consideration upon which the contract was founded; but the declaration usually proceeds at once to the statement of the *specialty.* 1 Ch. Pl. 362. Such was the course adopted here; and we think it is all that strict pleading requires.

Upon examining the record, we think the declaration sufficiently shows for whose use the suit was brought. It was instituted " at the relation of the next friend and guardian of Edwin Folkes, a minor;" and after setting forth various breaches of the bond, prejudicial to the minor, concludes as follows, to wit: " By means of which said premises, the said ward hath sustained damages, &c.; by reason of which the said writing obligatory became forfeited, and thereby an action hath accrued," &c. This, in our opinion, shows substantially and clearly, that the suit was brought for the use of the minor, at the relation of his next friend and guardian. We do not think the circuit court erred in overruling the demurrer; and as we do not perceive any error in the record, direct that the judgment be affirmed.