SAMUEL M. HAWKINS, Adm'r, &c. *v.* THE MISSISSIPPI AND TENNESSEE RAILROAD CO.

1. RAILROAD : EFFECT OF ACCEPTANCE BY THE COMPANY OF AN AMENDMENT AUTHORIZING THE CONSTRUCTION OF A BRANCH ROAD.—The mere acceptance, by a railroad company, of an amendment to its charter, authorizing it to build a branch road to the main trunk, will not *per se,* and without any steps being taken by the company to appropriate its funds in building the branch, be a ground to release a stockholder who had previously subscribed for stock, and

who did not assent to the amendment. See *N. O. J. and G. N. R. R. Co.* v. *Harris*, 27 Miss. R. 517.

2. EXECUTOR AND ADMINISTRATOR: PLEADING: ADMINISTRATOR NOT BOUND TO PLEAD SPECIALLY.—An administrator is not bound to plead specially, but may make all proper defences under the general issue; and hence, where the general issue has been pleaded by an administrator, and also a special plea, it will not be error for the court, upon sustaining a demurrer to the latter, to omit to render a judgment *respondeat ouster.* See *Netterville* v. *Stevens*, 3 How. 646; *Anderson* v. *Patrick*, 7 Ib. 354; *Green* v. *Carroll*, 24 Miss. R. 430.

3. PLEADING: WHEN GENERAL DEMURRER WILL DO.—It is unnecessary to assign special cause, in a demurrer to a pleading which is so defective, that judgment according to law and the right of the cause, cannot be rendered on it.

4. SAME: JOINDER IN DEMURRER UNNECESSARY.—A joinder in demurrer is unnecessary, under the provisions of Art. 113, p. 495, of the Rev. Code.


ERROR to the Circuit Court of Yalabusha county. Hon. William Cothran, judge.


*Aldridge* and *Gollady*, for plaintiff in error,

Cited *New Orleans J. and G. N. Railroad Co.* v. *Harris*, 5 Cush. 535; *Hester* v. *Memphis and Charleston Railroad Co.* 3 George 378; 1 Call's R. 370; Grant on Corp. 19, note c.


*H. W. Walter*, for defendant in error,

Cited *Clark* v. *Monongahela Navigation Co.*, 10 Watts, 364; *Pennsylvania and Ohio Canal Co.* v. *Webb*, 9 Ohio R. 136; *London and B. Railway Co.* v. *Wilson*, 6 Bing. (N. C.) 135; *Del. and Att. R. R. Co.* v. *Irick*, 3 Tabr. 321; *Danbury Railroad Co.* v. *Wilson*, 22 Conn. R. 435; 18 Missouri R. 210.


HARRIS, J., delivered the opinion of the court.

The defendants in error filed their complaint, to recover an amount claimed for stock, subscribed and called for, under the provisions of their charter. The plaintiff in error filed two answers in the court below to said complaint. 1st. A general denial; and 2d. A special plea in bar. To the latter plea there is a demurrer, which presents the main point in controversy here.

By this special plea it is alleged, that the defendants in error were incorporated on the 16th October, 1852; and were authorized by their charter, to construct a railroad, from such point on the

northern boundary line of this State as they might deem most eligible, to run through the counties of De Soto, Panola, Yalabusha, and Tallahatchie, and connect with the Mississippi Central Railroad at such point as they might elect; and, in the event the Mississippi Central Railroad Company did not complete their road to Canton in Madison county, then said defendants in error might continue their road to Canton.

The plea, or answer, then avers, that the intestate of plaintiff in error, subscribed under said charter or act, to construct the road aforesaid, and not otherwise. That afterwards, on the 8th March, 1856, an act was passed by said legislature of Mississippi, authorizing defendants in error to construct a branch railroad, from any point on the main line of their road aforesaid, south of Tallahatchie river, through the counties of Panola, Tallahatchie, Yalabusha, Carroll, Holmes, Attala, Yazoo, and Madison counties, or any of them, to Canton, in Madison county; or to any point on the Mississippi Central Railroad, between Grenada and Canton; and authorizing an increase of their capital stock to an amount sufficient therefor; with a proviso, that no part of the stock subscribed, prior to the passage of this act, should be applied to the construction of said branch road. This act and amendment was accepted and agreed to by the defendants in error, and a majority of the stockholders in said company; but was not accepted or agreed to by the intestate of plaintiff in error.

The demurrer to this plea was sustained; and, without a judgment of *respondeat ouster*, the cause was submitted to the jury, and verdict and judgment rendered for defendants in error, for the amount of their claim, and interest. From which judgment, this writ of error is prosecuted.

The first error assigned, is to the ruling of the court, sustaining the demurrer to the plea; and, in support of this assignment, we are referred to the case of *The New Orleans, Jackson, and Great Northern Railroad Company* v. *Harris*, decided by this court.

The plea under consideration, does not present a case either within the reason or spirit of the principles decided in the case referred to. There is no allegation, showing any injury or damage, present or contemplated, resulting or likely to result, to the subscriber, on account of the new privilege, or power, conferred by

the last act of the legislature on defendants in error. It is simply alleged, that they have accepted an amendment of their charter, conferring, among other powers and privileges, the right to construct this branch. It is not even alleged, that they intend, or threaten, to avail themselves of the power, to the injury of this subscriber; and surely it will not be said that he should be absolved from his contract of subscription, unless some act towards the consummation of the purpose of which he complains, is actually done. The mere illegal *intention*, even if this were shown to exist, could not afford the party a ground of defence in a court of law, whatever remedy he might properly seek elsewhere. In the case cited from 27 Miss. R. 517, the stock of Overton Harris had been actually transferred from the company to which he subscribed, to another and wholly different corporation; and that, by a majority vote, without his consent; and suit was instituted against him on his subscription, by the transferree, the New Orleans Company, to enforce its payment to them. He denied the power of the legislature, or the Canton, Kosciusko, Aberdeen, and Tuscumbia Railroad Company, or of the New Orleans Company, or all combined, to appropriate his stock, or to transfer it without his consent; and his right thus to demur was sustained. No such question is here presented; nor is there any ground of defence stated in the plea, upon which the plaintiff in error can be permitted to rely.

The next ground of error complained of, is, that on sustaining the demurrer to the plea, the court should have rendered the usual judgment of *respondeat ouster*.

It will be remembered, that this is a suit against an administrator, and, that by our law, administrators, executors, and collectors are not required to plead specially; that under the general issue, they are permitted to give in evidence any special matter of defence. Under our statute, therefore, this or any other plea, filed by the plaintiff in error, would have amounted only to the general issue. And it would seem, from the cases of *Netterville & Boyd* v. *Stevens et al.* 2 How. Miss. R. 646; *Anderson et al.* v. *Patrick et al.* 7 Ib. 354; *Green* v. *Carroll*, 24 Miss. R. 430, and on general principles, that when the general issue is already filed, it is not allowable, for the defendant to incumber the record with useless pleas, which only amount to the same thing. The plea was, there-

fore demurrable, on the ground that it amounted to the general issue *already* on file; and because every other plea, which could by possibility be pleaded by the defendant below, under our statute would only amount to the same thing, this court would not require a nugatory judgment to be pronounced by the court below; and hence, the judgment of *respondeat ouster* was wholly unnecessary, under these circumstances.

It is again objected, as error, that the demurrer should not have been noticed, under our statute, as no special causes were assigned.

We think the omission in the plea was so essential, that judgment, according to law and the right of the cause, could not be given on it; and hence, only a general demurrer was necessary.

It is lastly insisted, that there was no joinder on demurrer.

No joinder was necessary. See article 112, on p. 495, of the Code,—which had then gone into effect,—and Pleading Act of 1850.

There being no error in the record, according to the views here expressed, the judgment below will be affirmed.